Bell, J.
 

 The single question presented in this case is whether the answer states facts sufficient to constitute a defense. The demurrer admits all the well pleaded facts contained in the answer.
 

 It has been pointed out that the answer sets forth that there is now pending in the Court of Appeals of Cuyahoga county an action, wherein this relatrix is appellant and the respondent is appellee, in which action the prayer of the petition reads as follows:
 

 “Wherefore, plaintiff prays that said findings, decision and orders of the Board of Barber Examiners comprised of these defendants be set aside, vacated and held for naught; and plaintiff further prays for a temporary restraining order against the said Board of Barber Examiners, comprised of the defendants enjoining them from executing and enforcing any and all of said findings, decisions and orders as set forth herein until the final determination of this action, and that upon said final determination, such restraining order or injunction be made perpetual, and said de~
 
 *580
 
 fondants be required to recognize tlie Cleveland Barber College'as an approved school of barbering, so long as it complies with all laws and lawful regulations pertaining thereto, and that the defendants be further ordered and required to cease and desist from intimidation or discrimination against the Cleveland Barber College or its students, or refusing their registration when submitted according to law.”
 

 The second action referred to in the answer was filed in the Common Pleas Court of Cuyahoga county, wherein the relatrix and two students in her school are plaintiffs and respondent is defendant. The prayer of that petition reads in part as follows:
 

 “That said order require said defendants to issue certificates of registration to applicants aforementioned
 
 and all others seeking registration
 
 as students in the Cleveland Barber College, so long as said applicants meet with the requirements of law; that said defendants be ordered to accept and file, and give full credence to ail monthly reports sent them on behalf of all registered students in said Cleveland Barber College; that said defendants be ordered to recognize said Cleveland Barber College as an approved school of barbering so long as it complies with the laws and lawful regulations pertaining thereto; that said defendants be required to furnish forms to- applicants and the Cleveland Barber College so long as they comply with the law.”
 

 The only reason suggested for denial of the applications for certificates of registration is that relatrix’s college has been disapproved as a barber school.
 

 In
 
 State, ex rel. Akron Coal Co.,
 
 v.
 
 Board of Directors of Muskingum Watershed Conservancy District,
 
 136 Ohio St., 485, 26 N. E. (2d), 766, it is said:
 

 “Where a prior action is ponding between the same litigants, involving the same subject matter, in a court 'having jurisdiction, a mandamus proceeding in an
 
 *581
 
 other court is barred, unless it is plain that adequate relief is nob obtainable in-the prior case.”
 

 This court is still committed to the rule therein announced, which is fully sustained by the great weight of authority. See 38 Corpus Juris, 572 and 573, Sections 45 and 46, and cases there cited.
 

 The first mentioned case is between the same litigants as in the instant case and the prayer of that petition, among other things, is that this respondent be ordered to recognize relatrix’s college as an approved school of barbering. In the last mentioned case, the relatrix and two students in her college are joined against the respondent, and the prayer of that petition is that respondent be ordered to issue certificates of registration
 
 to all applicants seeking registration
 
 in her college so long as the applicants meet with the requirements of law.
 

 A favorable decree in either of those cases will afford full and adequate relief to the relatrix.
 

 Upon the state of this record we are compelled to reach the conclusion that the demurrer to the answer must be overruled. The fact that those actions are pending and undisposed of in the courts of Cuyahoga county involving the same subject matter constitutes a complete bar to the instant action and the petition therefore must be and hereby is dismissed.
 

 Petition dismissed.
 

 Weygandt, C. J., Zimmerman, Williams, Turner, Matthias and Hart, JJ., concur.